UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID NORWAY WINSTEAD, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-00016 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Docket No. 82) in the above-captioned case. The R&R recommended the Court (1) dismiss David Norway Winstead's ("Petitioner") "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("§ 2254 Petition") (Docket No. 1) as untimely and (2) decline to issue a certificate of appealability. *See* Docket No. 82. Petitioner timely filed objections. *See* Docket No. 83.

### I. RELEVANT PROCEDURAL HISTORY[1]

Petitioner was convicted of one count of tampering with or fabricating physical evidence and one count of possession of a controlled substance; he was sentenced to thirty years imprisonment. The Texas Thirteenth Court of Appeals, then affirmed Petitioner's conviction on August 7, 2014.[2] Thereafter, Petitioner filed three state applications for habeas corpus relief.[3] Petitioner's first two state habeas applications were dismissed for failure to comply with the Texas Rules of Appellate Procedure. Petitioner's third state habeas application was denied as untimely.

Petitioner's deadline to seek federal habeas relief, under 28 U.S.C. § 2254 ("§ 2254"), terminated September 6, 2015. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file the instant § 2254 petition (Docket No. 1) until January 22, 2016—138 days after the application deadline.

---

[1] Unless noted otherwise, the Court obtained the facts herein from the R&R (Docket No. 82).
[2] The deadline to file a petition for discretionary review ("PDR") was September 6, 2014; Petitioner never filed a PDR. *See* Tex. R. App. P. 68.2(a).
[3] Mr. Larry Warner ("Mr. Warner") represented Petitioner on appeal and throughout Petitioner's habeas efforts until September 8, 2016. *See* Docket No. 19 Ex. 6, at 27; *See also* Docket No. 15.

1

On May 22, 2018, the Court respectfully remanded this case instructing the Magistrate Judge to conduct an evidentiary hearing on the issues of (1) Petitioner's mental competency, and (2) whether his alleged incompetency prevented Petitioner from timely filing his § 2254 Petition. *See* Docket No. 22.

## II. LEGAL STANDARD

A petitioner is entitled to equitable tolling if he establishes: (1) an "extraordinary circumstance" prevented timely filing and (2) he pursued habeas relief with "reasonable diligence." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). A petitioner's mental incompetence may warrant equitable tolling if the incompetence rises to the level of an "extraordinary circumstance". *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). To do so, "a petitioner (1) must make a threshold showing of incompetence and (2) must show that this incompetence affected his ability to [timely file] a habeas [petition]." *Jones v. Stephens*, 541 Fed. App'x 499, 505 (5th Cir. 2013). The alleged mental incompetency must have existed during the relevant period and "must have actually been an impediment to filing in a timely manner." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

## III. DISCUSSION[4]

Although the record confirms Petitioner received sporadic mental health treatment during the limitations period,[5] the record also reflects Petitioner "malingered" his symptoms for secondary gain. *See generally* Docket No. 66 Ex. 2. Further, Petitioner submitted a *pro se* legal filing on September 18, 2014—demonstrating Petitioner's competency to file a federal habeas petition within the limitations period. *See* Docket No. 66 Ex. 4; *see Smith v. Kelly*, 301 Fed. App'x 375 (5th Cir. 2008) (finding a petitioner's ability to file a state-court habeas application during the federal limitations period negates eligibility for equitable tolling). Thus, the record does not support Petitioner's assertion that his alleged mental incompetence prevented a timely filing of the § 2254 Petition; thus, Petitioner is not eligible for equitable tolling.

## IV. CONCLUSION

After a *de novo* review of the record, the Court **ADOPTS** the R&R (Docket No. 82) in its entirety and **DISMISSES** Petitioner's § 2254 Petition (Docket No. 1) **with prejudice** and

---

[4] Petitioner's second objection alleges Mr. Warner's lack of communication with Petitioner constituted an "extraordinary circumstance" when combined with Petitioner's sporadic episodes of mental illness. *See* Docket No. 83 at 6-7. However, the Court's Order of Remand addressed this argument. *See* Docket No. 22 at 4.

[5] The relevant medical records are those dated within the one-year limitations period. *See* § 2244(d)(1)(A).

**DECLINES** to issue a certificate of appealability. The Clerk of the Court is hereby **ORDERED** to close this case.

Signed on this 18th day of July, 2019.

_____
Rolando Olvera
United States District Judge